IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| EYETALK365, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SKYBELL TECHNOLOGIES, INC.,<br><br>    Defendant. | Civil Action No._____<br><br>JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Eyetalk365, LLC ("Eyetalk" or "Plaintiff"), for its Original Complaint against Defendant SkyBell Technologies, Inc. ("Defendant" or "SkyBell"), hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*.

**THE PARTIES**

2. Plaintiff Eyetalk365, LLC is a limited liability company organized under the laws of the State of North Carolina with its principal place of business at 9923 Willow Leaf Lane, Cornelius, North Carolina 28031. Eyetalk is in the business of providing innovative security solutions and is in current development of products related to the industry as well as its intellectual property. Eyetalk's portfolio is seminal intellectual property in the fields of video surveillance, entryway management, and security technologies.

3. Upon information and belief, Defendant SkyBell Technologies, Inc. is a corporation organized under the laws of the State of Nevada with its principal place of business at 1 Jenner Street, Suite 100, Irvine, California, 92618 and its registered agent, Gregory Harrison,

has an address of 1 Jenner Street, Suite 100, Irvine, California, 92618. In addition, SkyBell's registered agent in Nevada is U.S. Corporation Agents, Inc. having an address of 500 N. Rainbow Blvd., Suite 300A, Las Vegas, 89107.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the North Carolina Long-Arm Statute, due to its substantial business in this forum, including acts constituting infringement as alleged herein occurring within this forum. In addition, Defendant sells or offers to sale its products in this District through its website. Further, SkyBell sells its products through various companies such as BestBuy and Home Depot, both of which have locations/stores within this District. As such, SkyBell has submitted itself to the jurisdiction of this Court.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,193,644

8. The allegations set forth in the foregoing paragraphs 1 through 7 are hereby realleged and incorporated herein by reference.

9. On March 20, 2007, United States Patent No. 7,193,644 (the "'644 Patent"), entitled "Automated Audio Video Messaging and Answering System," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '644 Patent is attached as Exhibit A to this Original Complaint.

10. Eyetalk is the assignee and owner of the right, title and interest in and to the '644 Patent, including the right to assert all causes of action arising under the '644 Patent and the right to any remedies for infringement.

11. In violation of 35 U.S.C. § 271(b), Defendant has induced its customers to directly infringe and continues to induce its customers to directly infringe, both literally and/or under the doctrine of equivalents, the '644 Patent by providing instructions via its website, or through other documents, that induce its customers to directly infringe the '644 Patent and by making, using, offering for sale, selling, and/or importing systems in the United States, including within this judicial district, on information and belief, that consist of a wireless exterior module having a proximity sensor , a video camera, a microphone, an RF transmitter, and an RF transmitter, a computerized controller running a software application, a wireless router, wherein the wireless router enables communication between the exterior module and the computerized controller, a recording component that records video and audio communication that is transmitted to and from the exterior module; a playing component that plays video and audio communication that is transmitted to and from the exterior module; a playing component that plays video and audio communication recorded by the recording component; wherein the software application includes a graphic user interface that enables a user to view images and streaming video from the camera and that enables the coordination of multiple communication devices and user defined responses to prompts and events as claimed in at least claim 1 of the '644 Patent, without the authority of Eyetalk. SkyBell's customers directly infringe at least claim 1 of the '644 Patent by using a wireless router with SkyBell products. As such, the SkyBell product, instructions related thereto, advertising, and other SkyBell documents encourage its

customers to use a router with SkyBell products to receive pictures, video, sounds, and/or alerts from SkyBell products.

12. Defendant has had knowledge of the '644 Patent since at least December 6, 2013 when it submitted an Information Disclosure Statement (IDS) referencing the '644 Patent as well as other Eyetalk patents to the United States Patent and Trademark Office during prosecution of its own patent application, which is now U.S. Patent No. 8,780,201.  SkyBell similarly submitted an IDS on December 6, 2013, in another of its patent applications which referenced the '644 Patent and is now U.S. Patent No. 8,823,795. On February 28, 2014, SkyBell submitted another IDS during prosecution of its own patent application that referenced the '644 Patent and SkyBell's patent application is now U.S. Patent No. 8,842,180. In another SkyBell patent application, SkyBell once again cited the '644 Patent in an IDS filed on August 2, 2014, for a SkyBell patent application, which is now U.S. Patent No. 8,872,915. SkyBell cited the '644 Patent in an IDS filed on November 7, 2014, for a SkyBell patent application that is now U.S. Patent No. 8,937,659. SkyBell also cited the '644 Patent in an IDS for another of its patent applications on November 7, 2014, which became U.S. Patent No. 8,941,736.  SkyBell's co-founder, Joseph Scalisi, filed a patent application which matured into U.S. Patent No. 8,947,530 and in this application Mr. Scalisi filed an IDS listing the '644 Patent on November 17, 2014. SkyBell, in another patent application which issued as U.S. Patent No. 8,953,040, cited the '644 Patent in another IDS on November 7, 2014.  On April 9, 2015, SkyBell cited the '644 patent in an IDS for its patent application, which became U.S. Patent No. 9,055,202. On April 9, 2015, SkyBell cited the '644 in another of its patent applications, which became U.S. Patent No. 9,058,738.  On April 21, 2015, SkyBell cited the '644 patent in an IDS for its own patent application, which became U.S. Patent No. 9,060,103.  On April 21, 2015, SkyBell cited the '644

patent in an IDS for its own patent application, which became U.S. Patent No. 9,060,104. On April 21, 2015, SkyBell cited the '644 patent in an IDS for its own patent application, which became U.S. Patent No. 9,065,987. On April 13, 2015, SkyBell cited the '644 patent in an IDS for its own patent application, which became U.S. Patent No. 9,094,584. On January 31, 2015, SkyBell cited the '644 patent in an IDS for its own patent application, which became U.S. Patent No. 9,109,378. On May 20, 2015, SkyBell cited the '644 patent in an IDS for its own patent application, which became U.S. Patent No. 9,113,051. On June 3, 2015, SkyBell cited the '644 patent in an IDS for its own patent application, which became U.S. Patent No. 9,113,052. On June 3, 2015, SkyBell cited the '644 patent in an IDS for its own patent application, which became U.S. Patent No. 9,118,819. In fact, the '644 Patent has been repeatedly cited by either SkyBell or its co-founder Joseph Scalisi during prosecution of SkyBell's own patents and rather than seek a license to the Eyetalk portfolio, SkyBell has chosen to willfully infringe the '644 Patent despite having intimate knowledge of the patent during prosecution of its own patents.

13. Because of Defendant's infringing activities, Eyetalk has suffered damages and will continue to suffer damages in the future.

14. Defendant has willfully infringed the '644 Patent since at least December 6, 2013 when it submitted an Information Disclosure Statement (IDS) referencing the '644 Patent as well as other Eyetalk patents to the United States Patent and Trademark Office during prosecution of its own patent application, which is now U.S. Patent No. 8,780,201. SkyBell similarly submitted an IDS on December 6, 2013, in another of its patent applications which referenced the '644 Patent and is now U.S. Patent No. 8,823,795. On February 28, 2014, SkyBell submitted another IDS during prosecution of its own patent application that referenced the '644 Patent and SkyBell's patent application is now U.S. Patent No. 8,842,180. In another SkyBell patent

application, SkyBell once again cited the '644 Patent in an IDS filed on August 2, 2014, for a SkyBell patent application, which is now U.S. Patent No. 8,872,915. SkyBell cited the '644 Patent in an IDS filed on November 7, 2014, for a SkyBell patent application that is now U.S. Patent No. 8,937,659. SkyBell also cited the '644 Patent in an IDS for another of its patent applications on November 7, 2014, which became U.S. Patent No. 8,941,736. SkyBell's co-founder, Joseph Scalisi, filed a patent application which matured into U.S. Patent No. 8,947,530 and in this application Mr. Scalisi filed an IDS listing the '644 patent on November 17, 2014. SkyBell in another patent application which issued as U.S. Patent No. 8,953,040, cited the '644 Patent in another IDS on November 7, 2014. On April 9, 2015, SkyBell cited the '644 patent in an IDS for its patent application, which became U.S. Patent No. 9,055,202. On April 9, 2015, SkyBell cited the '644 in another of its patent applications, which became U.S. Patent No. 9,058,738. On April 21, 2015, SkyBell cited the '644 patent in an IDS for its own patent application, which became U.S. Patent No. 9,060,103. On April 21, 2015, SkyBell cited the '644 patent in an IDS for its own patent application, which became U.S. Patent No. 9,060,104. On April 21, 2015, SkyBell cited the '644 patent in an IDS for its own patent application, which became U.S. Patent No. 9,065,987. On April 13, 2015, SkyBell cited the '644 patent in an IDS for its own patent application, which became U.S. Patent No. 9,094,584. On January 31, 2015, SkyBell cited the '644 patent in an IDS for its own patent application, which became U.S. Patent No. 9,109,378. On May 20, 2015, SkyBell cited the '644 patent in an IDS for its own patent application, which became U.S. Patent No. 9,113,051. On June 3, 2015, SkyBell cited the '644 patent in an IDS for its own patent application, which became U.S. Patent No. 9,113,052. On June 3, 2015, SkyBell cited the '644 patent in an IDS for its own patent application, which became U.S. Patent No. 9,118,819. In fact, the '644 Patent has been repeatedly cited by either

SkyBell or its co-founder Joseph Scalisi during prosecution of SkyBell's own patents and rather than seek a license to the Eyetalk portfolio, SkyBell has chosen to willfully infringe the '644 Patent despite having intimate knowledge of the patent during prosecution of its own patents. SkyBell has acted despite an objectively high likelihood that its actions constitute infringement of the '644 Patent because it has known or should have known of the '644 Patent since at least December 6, 2013, and has since cited the '644 Patent in numerous SkyBell patents and patent applications. SkyBell knew of the '644 Patent or it was so obvious from SkyBell's citation of the '644 Patent in numerous SkyBell patents and patent applications that SkyBell should have known of the '644 Patent. *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007). As a result, SkyBell's infringement of the '644 Patent is willful.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Eyetalk demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Eyetalk respectfully requests that this Court enter judgment for Eyetalk and against Defendant as follows:

A. An adjudication that Defendant has infringed the '644 patent;

B. An adjudication that Defendant has willfully infringed the '644 patent;

C. An award of damages to be paid by Defendant adequate to compensate Eyetalk for Defendant's past infringement of the '644 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

D. An injunction ordering Defendant to pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

E. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

F. An award to Eyetalk of such further relief at law or in equity as the Court deems just and proper.

Dated: October 14, 2015

*/s/ David C. Boggs*
David C. Boggs
MILAZZO SCHAFFER WEBB LAW, PLLC
419 South Sharon Amity Road, Suite C
N.C. Bar No. 8182
Charlotte, NC 28211
Telephone: (704) 464-0460
Email: david.boggs@mswlawpllc.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this disclosure, via electronic mail on October 14, 2015.

*/s/ David C. Boggs*
David C. Boggs